IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| CARMEN GIBSON | * | |
|    Plaintiff | * | |
| v. | * | Civil Action No.: WDQ-02-CV-3827 |
| ENCORE MARKETING INT'L, INC. | * | |
|    Defendant | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY DEADLINE FOR THE LIMITED PURPOSE OF DEPOSING ONE FACT WITNESS**

Plaintiff Carmen Gibson, by and through her attorneys, Philip B. Zipin and Neil R. Lebowitz, hereby moves this Honorable Court to extend the discovery deadline for the limited purpose of deposing one fact witness, and, in support thereof, states as follows:

1. Plaintiff's counsel spoke by telephone with Defendant's counsel on Wednesday, May 21, 2003 in order to schedule the deposition of David Gallimore, who is Defendant's current Executive Vice President of Marketing. Plaintiff's counsel requested, and Defendant's counsel tentatively agreed, that the deposition would take place sometime on Tuesday, May 27, 2003, which was the discovery deadline in the above-captioned case. Counsel further agreed that if the deposition could not take place on that day due to scheduling conflicts or other unforeseen difficulties, it could instead take place later in the week.

2. Defendant's counsel stated that she was going out-of-town the next day, Thursday, May 22, 2003, and would not be returning until the evening of Monday, May

26, 2003, but that she would try to contact Mr. Gallimore immediately in order to determine his availability for a deposition on Tuesday.

3. Later in the day on Wednesday, May 21, 2003, Plaintiff's counsel received an e-mail from Defendant's counsel which stated that Defendant's counsel had been unable to reach Mr. Gallimore. *See* Byam E-Mail, attached hereto as "Exhibit A." Defendant's counsel further stated that she could not "assure [Mr. Gallimore's] appearance" and that Plaintiff's counsel would have to "serve him with a subpoena." *Id*.

4. Plaintiff's counsel reasonably understood Defendant's counsel's statement to mean that Mr. Gallimore would have to be served with a subpoena in order to compel his appearance on *Tuesday* because counsel had been unable to contact Mr. Gallimore and was heading out-of-town the next morning. In other words, unless Mr. Gallimore was served with a subpoena, he would have no way of knowing about the deposition if it were to take place on Tuesday.

5. Plaintiff's counsel did not anticipate the need to otherwise serve Mr. Gallimore with a subpoena because Defendant's counsel had previously produced Mr. Gallimore without a subpoena in a separate case involving Defendant, and, frankly, because counsel had shared a very cordial working relationship with one another throughout the course of the litigation.

6. Since Defendant's counsel had already agreed that the deposition could take place after Tuesday, Plaintiff's counsel did not see any compelling need to forge ahead on that day. As a courtesy to both Defendant's counsel and Mr. Gallimore, it made much more sense to wait. Taking the deposition later in the week would allow

Defendant's counsel to catch her breath following her vacation, notify Mr. Gallimore, and prepare for the deposition.

7. Plaintiff's counsel certainly could have been prepared on Tuesday. Unlike Defendant's counsel, he did not leave town and, having already deposed Mr. Gallimore in another case, would have only needed minimal time to prepare.

8. On Thursday, May 22, 2003, while Defendant's counsel was out-of-town, Plaintiff's counsel spoke by phone with Defendant's counsel's assistant, Sharon Gilbert, and informed Ms. Gilbert of his intention to call Defendant's counsel when she returned from vacation on Tuesday in order to set a firm date and time for Mr. Gallimore's deposition.

9. Thereafter, on Tuesday, Plaintiff's counsel did call Defendant's counsel and left a voicemail asking her to call back to discuss Mr. Gallimore's deposition as well as the preparation of the parties' Joint Status Report, which was due that same day.

10. In response, Plaintiff's counsel did not receive a return phone call, but a letter. In the letter, Defendant's counsel conveniently failed to mention the agreement reached during the May 21, 2003 telephone conference, and reneged on her commitment to allow the deposition of Mr. Gallimore to proceed following the discovery deadline. *See* First Byam Letter, attached hereto as "Exhibit B."

11. Completely stunned, Plaintiff's counsel responded with his own letter. *See* First Lebowitz Letter, attached hereto as "Exhibit C." Thereafter, counsel exchanged addition letters. *See* Second Byam Letter and Second Lebowitz Letter, attached hereto as "Exhibit D" and "Exhibit E" respectively.

12.     Plaintiff now has no recourse but to seek relief from this Honorable Court. Plaintiff desires to take a single deposition.[1]  Plaintiff has made no prior requests for modification of the Scheduling Order, and Defendant clearly will not be prejudiced by Plaintiff's taking of this deposition.  The dispositive motions deadline is still a month away and no trial date has even been scheduled yet by the Court.

WHEREFORE, Plaintiff Carmen Gibson hereby respectfully requests that this Honorable Court:

A.     Enter an Order allowing her to take the deposition of David Gallimore at a mutually convenient time within the next two weeks;

B.     And for all other and further relief that the nature of this cause may require.

Respectfully submitted,

_____
Philip B. Zipin, Bar No.: 03932
Neil R. Lebowitz, Bar No.: 25155
Zipin, Melehy & Driscoll LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
(301) 587-6364
Counsel for Plaintiff

---

[1] To date, Plaintiff has not taken any depositions in this case.  Thus, Defendant can hardly argue that it would somehow be overly inconvenienced by this one deposition.

4