# Joseph Greenwald & Laake

FRED R. JOSEPH (1943-1997)
ANDREW E. GREENWALD
WALTER E. LAAKE, JR.
STEPHEN A. FRIEDMAN
BURT M. KAHN
MICHAEL D. JACKLEY
STEVEN M. PAVSNER
BARBARA J. GORINSON
TIMOTHY F. MALONEY

DAVID M. BULITT
DOV APFEL
TIMOTHY P. O'BRIEN
JAY P. HOLLAND
JERRY D MILLER
STEVEN B. VINICK
PAUL F. RIEKHOF
LAWRENCE R. HOLZMAN
CARY J. HANSEL
BETH L. ROGERS

FELICIA JACKSON-TAYLOR
LISA M. VOSO
AIMEE C. ROBBINS
BIBI M. BERRY
CLAIRE E. BUCHNER
RUEL B. PILE‡
BRIAN J. MARKOVITZ
VERONICA BYAM
ALEXIS H. PETERS
ABIGAIL R. HOPPER

JOHN S. PARKER†
† Of Counsel
‡ Not Admitted in Maryland

**Attorneys at Law**
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214
www.jgllaw.com

VERONICA BYAM
DIRECT DIAL: (301) 220-1011 EXT. 260
VByam@jgllaw.com

May 27, 2003

*VIA FIRST CLASS MAIL AND*
*FACSIMILE 301-587-6308*

Neil Lebowitz, Esquire
Zipin, Melehy & Driscoll LLC
8403 Colesville Road
Suite 610
Silver Spring, Maryland 20910

> Re: **Carmen Gibson v. Encore Marketing International, Inc.**
> **Case No. L-02-CV-3827**

Dear Neil:

As you know, I have been out of the office (and the country) since last Thursday, May 22, 2003. Last Wednesday, May 21st you brought up, for the first time, the fact that you had decided to take the deposition of David Gallimore in this case. I do not know why you waited until only two workdays remained before the discovery deadline in this case to spring this deposition on us. Nevertheless, on Wednesday evening, I sent to you correspondence via email and facsimile, informing you that if you wanted to take the deposition of Mr. Gallimore, you would have to personally serve a subpoena on him because I would not guarantee his voluntary appearance. As you know, Mr. Gallimore is not a named party in this lawsuit, so without an agreement from him to appear voluntarily, he would have to be served with a subpoena to secure his appearance at deposition. In my letter to you on Wednesday, I attempted to be as accommodating as possible, letting you know that I would be available to defend the deposition on behalf of Encore today (Tuesday, May 27th) and that you could even use one of our firm's conference rooms for the deposition of Mr. Gallimore, if his appearance was secured by you via subpoena.

I returned to the office this morning, Tuesday, May 27, to discover that Mr. Gallimore has not been served with any subpoena in this case. This morning, I also received a voice mail message from you, left on Friday, May 23, saying that you would not "jam in" Mr. Gallimore's deposition on Tuesday (today), but that since your calendar was open, you would note it for Thursday or Friday of this week.

**Joseph**
  **Greenwald**
    **& Laake**

Neil R. Lebowitz, Esquire
May 27, 2003
Page 2

   As you know, the deadline for discovery in this case is today, and our status report is due. I thought that your contacting me last Wednesday, just before Memorial Day weekend and with full knowledge that I was going to be out of town until Tuesday, May 27th, to inform me that you were unilaterally scheduling Mr. Gallimore's deposition for today, Tuesday, May 27th, was unreasonable enough. However, as we have had a cooperative and cordial relationship thus far, I did not object, and instead just informed you that you would have to secure his appearance via subpoena. *See* my May 21st letter. However, to return today to find out that you not only want to extend discovery, but that now you want the deposition for later this week, even though Mr. Gallimore *still has not been served with a subpoena,* is unreasonable and we must object. Neil, we were accommodating in not objecting to the late notice for today's deposition, but my client will not be overly accommodating, again, to allow you to go beyond the Court-imposed discovery deadline to take the deposition of a non-party witness and to give him only one, or at most, two day's notice. I do not know why you waited so long to note this deposition, but without extraordinarily good cause, I see no reason to consent to an extension and to scramble to rearrange our schedules to produce Mr. Gallimore without a subpoena and defend a deposition on such short notice.

   I know that we have not yet received any notice of deposition from you, but if you *do* note Mr. Gallimore's deposition for after the close of discovery, for Thursday or Friday per your voice mail message, and you do personally serve a subpoena upon him, we will have no choice but to seek a protective order due to this manifest unreasonableness.

   I assume I will be hearing from you soon, as we need to resolve this matter and discuss those items that must go into our status report for its filing today. I am in the office all day, if you do not reach me please leave me a detailed voice mail message and a time when I can call you back and I will do so.

   I await your response.

              Very truly yours,

              JOSEPH, GREENWALD & LAAKE, P.A.

              By: VERONICA BYAM

cc:  David Gallimore
    Stephen Klein