# ZIPIN MELEHY&DRISCOLL LLC
### A T T O R N E Y S   A T   L A W

PHILIP B. ZIPIN*
OMAR VINCENT MELEHY*
SUVITA MELEHY*
TIMOTHY J. DRISCOLL*

ELIZABETH J. PINER†

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308

*ALSO LICENSED
IN WASHINGTON D.C.

†ALSO LICENSED
IN VIRGINIA

May 27, 2003

VIA FAX ONLY (301-220-1214)

Veronica A. Byam, Esquire
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770

　　　RE:　　*Carmen Gibson v. Encore Marketing International, Inc.*

Dear Ms. Byam:

　　　I just received a fax from you regarding the deposition of David Gallimore. I must say that I am quite shocked. In your fax, you neglected to mention the conversation we had last Wednesday, *six full days* before the discovery deadline, during which we agreed that Mr. Gallimore's deposition could take place after the deadline, i.e., later this week.

　　　When you referenced the need to serve Mr. Gallimore with a subpoena in your e-mail Wednesday evening, I assumed you meant that I needed to do so only if I wanted to depose him today because you had been unable to contact him and you were heading out of town the next morning. (This was certainly a reasonable assumption considering that you produced Mr. Gallimore *without* a subpoena in the *Grasso* case.) Since we had already agreed that the deposition could take place later in the week, I felt no compelling need to run out and serve Mr. Gallimore with a subpoena in order to depose him today.

　　　Accordingly, I would ask that you reconsider your hard-line stance in today's fax and allow me to depose Mr. Gallimore at a mutually convenient time later this week. Your client certainly will not be prejudiced by allowing Mr. Gallimore's deposition to go forward -- the motions deadline is still *four weeks away*.

　　　Please let me know by 4:00 p.m. today whether you will consent to the Mr. Gallimore's deposition taking place after the discovery deadline. If not, I intend to file a motion to extend discovery by the close of business today.

Please also contact me to prepare our Joint Status Report. If you want to go ahead and write the first draft, as we did in *Grasso*, my client's information is as follows:

1.    Discovery is not complete.

2.    There are no motions pending (unless you do not consent to Mr. Gallimore's deposition, in which case my client will be filing the above-referenced motion).

3.    Plaintiff may file a dispositive pretrial motion.

4.    Plaintiff has demanded a jury trial. Trial should last 2-3 days.

5.    Our settlement demand is the full amount requested in the Complaint ($90.660.00) plus all attorney's fees and other costs incurred by Plaintiff.

6.    Plaintiff has no objection to ADR after dispositive motions are resolved.

7.    Plaintiff consents to a U.S. Magistrate conducting further proceedings in this case.

Thank you for your attention to this matter. I look forward to hearing from you shortly.

Very truly yours,

Neil R. Lebowitz

2