# Joseph Greenwald & Laake

FRED R. JOSEPH (1943-1997)
ANDREW E. GREENWALD
WALTER E. LAAKE, JR.
STEPHEN A. FRIEDMAN
BURT M. KAHN
MICHAEL D. JACKLEY
STEVEN M. PAVSNER
BARBARA J. GORINSON
TIMOTHY F. MALONEY

DAVID M. BULITT
DOV APFEL
TIMOTHY P. O'BRIEN
JAY P. HOLLAND
JERRY D MILLER
STEVEN B. VINICK
PAUL F. RIEKHOF
LAWRENCE R. HOLZMAN
CARY J. HANSEL
BETH L. ROGERS

FELICIA JACKSON-TAYLOR
LISA M. VOSO
AIMEE C. ROBBINS
BIBI M. BERRY
CLAIRE E. BUCHNER
RUEL B. PILE‡
BRIAN J. MARKOVITZ
VERONICA BYAM
ALEXIS H. PETERS
ABIGAIL R. HOPPER

JOHN S. PARKER†
† Of Counsel
‡ Not Admitted in Maryland

**Attorneys at Law**
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 • Fax 220-1214
www.jgllaw.com

VERONICA BYAM
DIRECT DIAL: (301) 220-1011 EXT. 260
VByam@jgllaw.com

May 27, 2003

*VIA E-MAIL AND
FACSIMILE 301-587-6308*

Neil Lebowitz, Esquire
Zipin, Melehy & Driscoll LLC
8403 Colesville Road
Suite 610
Silver Spring, Maryland 20910

Re:   Carmen Gibson v. Encore Marketing International, Inc.
      Case No. L-02-CV-3827

Dear Neil:

I just received your letter in response to mine from this morning. I will address each item below.

First. We had no definite agreement to extend discovery and neither of us filed anything with the Court to do so. You brought up the possibility of extending, <u>but the way we left it before I left town, you were going to note Mr. Gallimore for today and I informed you to serve him with a subpoena to secure his appearance</u>. Consenting to extending discovery would have had to have been discussed with my client and with my partner and I saw no need to do so if you could serve Mr. Gallimore for deposition today. You and I even discussed being able to complete the status report <u>in person today after the deposition</u>.

You informed me that you wanted to depose Mr. Gallimore today, and though I thought that telling me TWO days before the end of discovery (you told me Wednesday, that left only Thursday and Friday of last week for me to prepare myself and to try to locate Mr. Gallimore to give him, at least unofficial, notice -- even though I was out of the country) was a bit unreasonable, I did not object. Because of our cooperative relationship thus far, on Wednesday

**Joseph Greenwald & Laake**

Neil R. Lebowitz, Esquire
May 27, 2003
Page 2

late afternoon I let you know via email and fax that, although I would not guarantee his appearance, you could serve him and you could even use one of our conference rooms if that was convenient and that we would not object to the notice of deposition or the subpoena for Mr. Gallimore's deposition today).

However, I gather from your recent letter that you still want to depose Mr. Gallimore later this week and that you expect him to voluntarily appear just because he did in the Dana Grasso case. The Grasso case is completely separate from this action and the two have not been joined. As such, whatever happened in Grasso of course does not necessarily follow for this case. However, if we were going to compare the two, we did get ample and reasonable notices of deposition in Grasso and were able to schedule all three depositions at a time convenient for everyone and with reasonable notice and opportunity to prepare. That crucial notice factor is missing here. Why did you not at least tell me, when I saw you at our offices on Wednesday, May 14th, at the deposition of your client, that you wanted to take depositions of some of Encore's employees? I could have had time to prepare myself, my client, and give the potential deponents notice in time to prepare and to amend their schedules. As it stands now, you sprang this on us too late and my client is disinclined to extend discovery just to accommodate your schedule.

You state in your letter that you "felt no compelling need to run out and serve Mr. Gallimore with a subpoena in order to depose him today." Even if this is true, why have we still not received a notice of deposition for later this week and why hasn't Mr. Gallimore been served yet? It seems to me that any way you slant it, your request is unreasonable.

Second. As per your recent letter, I understand that, despite my objections, you intend to file a motion to extend time today in order to take more depositions. Please note that we will oppose any such motion and let the Court decide the issue.

Third. I will draft up a status report and email to you as soon as possible, using the points you provided to me in your letter from today. But, just to inform you before you see the draft, my client is making no monetary offer to settle at this time. Of course, this may change at any time, but as of today and for the purposes of the status report, we are not offering anything to settle.

**Joseph**
  **Greenwald**
    **& Laake**

Neil R. Lebowitz, Esquire
May 27, 2003
Page 3


      I will email you a draft of the status report shortly. Please make changes and email it back to me, then I'll file it electronically, unless you wish to do so. Please advise.

                Very truly yours,

                JOSEPH, GREENWALD & LAAKE, P.A.

                *Veronica Byam*
                By: VERONICA BYAM