# ZIPIN MELEHY & DRISCOLL LLC
## ATTORNEYS AT LAW

PHILIP B. ZIPIN*
OMAR VINCENT MELEHY*
SUVITA MELEHY*
TIMOTHY J. DRISCOLL*

ELIZABETH J. PINER†

8403 COLESVILLE ROAD
SUITE 610
SILVER SPRING, MARYLAND 20910

TELEPHONE (301) 587-6364
FACSIMILE (301) 587-6308

*ALSO LICENSED
IN WASHINGTON D.C.

†ALSO LICENSED
IN VIRGINIA

May 27, 2003

<u>VIA E-MAIL AND REGULAR MAIL</u>

Veronica A. Byam, Esquire
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770

RE:   *Carmen Gibson v. Encore Marketing International, Inc.*

Dear Ms. Byam:

I have really learned a lot today about how you and your firm operate. I do not engage in these sorts of tactics and do not appreciate them being engaged in against me.

For your information, the reason why I didn't want to "jam in" the deposition today was actually to accommodate *you*. I knew that you were coming back from vacation and would have little time to prepare yourself and your client. I certainly could have been prepared. I did not go away this weekend, and, having already deposed Mr. Gallimore previously, would have only needed a couple of hours at most to get ready for the deposition. However, since we agreed that I could take the deposition later, I didn't see the overriding need to "jam it in" today. Do you remember the part of our conversation last Wednesday where we agreed that we could say in the Status Report that "all discovery is completed with the exception of Mr. Gallimore's deposition, which has been set for X date." Were you a party to that conversation, or was I talking to myself?

You have made your position clear, but this is just silly. You ask in your latest letter, "Why have we still not received a notice for Mr. Gallimore's deposition for later this week?" Because, as I explained to your assistant last Thursday, I thought you and I would talk first about a firm date and time for the deposition when you returned from your vacation today. As you know, I left you a voicemail earlier this afternoon because I wanted to discuss that very issue with you. And then everything just imploded. I feel totally blindsided and I do not appreciate it.

      Unfortunately, all future interaction between us on any matters of substance will have to be in writing. Sadly, it has come to this.

                                     Very truly yours,

                                     Neil R. Lebowitz

2