IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARMEN GIBSON                          *

      Plaintiff                    *

      v.                          *        C.A. No.: WDQ-02-CV-3827

ENCORE MARKETING INT'L, INC.           *

      Defendant                    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND DISPOSITIVE MOTIONS DEADLINE

Plaintiff Carmen Gibson, by and through her attorneys, Philip B. Zipin and Neil R. Lebowitz, hereby opposes Defendant's Motion to Extend Dispositive Motions Deadline, and, in support thereof, states as follows:

1.      In its Motion to Extend Dispositive Motions Deadline, Defendant claims that it needs more time to file its motion for summary judgment because the Court has granted Plaintiff's unopposed motion to depose witness David Gallimore.

2.      However, as demonstrated by the series of events which preceded the filing of its Motion, the position Defendant currently finds itself in is entirely of its own making.  Specifically, back in late-May, counsel for Defendant reneged on her agreement that the deposition of Mr. Gallimore could take place after the discovery deadline, which required Plaintiff to file a formal motion with the Court in order to depose Mr. Gallimore. Thereafter, Defendant did not even oppose Plaintiff's motion, thereby conceding that its objection to allowing the deposition was completely baseless.  Amazingly, Defendant

now comes before this Court and seeks to use the Court's granting of Plaintiff's motion, which was compelled by counsel for Defendant's own conduct, as an excuse for needing an extension of the dispositive motions deadline.

3.    Compounding the egregious nature of Defendant's request is the fact that it is really no more than a red herring.  Specifically, in its Motion to Extend Dispositive Motions Deadline, Defendant disingenuously identifies Mr. Gallimore solely as "a third party fact witness."  Def.'s Mot. at ¶ 3.  Defendant conveniently neglects to inform the Court that Mr. Gallimore is not only a fact witness, but also Defendant's own Executive Vice President of Marketing.  Thus, Defendant's counsel can readily obtain information from Mr. Gallimore any time they so desire, and could just as easily attach an affidavit from him to support any dispositive motion they may file.  The notion that Defendant is anxiously waiting to hear the so-called "new discovery information" garnered from Mr. Gallimore's upcoming deposition is nonsense.[1]

4.    Accordingly, Defendant has not and cannot show good cause for its requested extension of the dispositive motions deadline, and said request should therefore be denied by this Honorable Court.

---

[1]    It is also extremely unlikely that the testimony of Defendant's own Executive Vice President of Marketing will be of any appreciable value to Defendant in preparing its motion for summary judgment.  Since all facts in the motion must be construed in the light most favorable to Plaintiff, the deposition testimony of Plaintiff, rather than Mr. Gallimore, will almost certainly serve as the primary, if not sole, source of the facts recited by Defendant in support of its motion.

Respectfully submitted,

_____

Philip B. Zipin, Bar No. 03932
Neil R. Lebowitz, Bar No. 25155
Zipin Melehy & Driscoll LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Counsel for Plaintiff Carmen Gibson