IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

**CARMEN GIBSON**

      **Plaintiff**

    v.                       *       Civil Action No.: **L-02-CV-3827**

**ENCORE MARKETING INT'L, INC.**

      **Defendant**

      * * * * * * * * * * * **ANSWERS TO INTERROGATORIES**

**TO:**      Defendant Encore Marketing International, Inc.

**FROM:**      **Plaintiff Carmen Gibson**

    a.    The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

    b.    The word usage and sentence structure is that of the attorneys who, in fact, prepared these answers and language does not purport to be the exact language of the executing party.

    c.    The answers to these Interrogatories are subject to amendment and/on supplementation as the course of this litigation continues.

    d.    General Objection: De~r~dant's Ir~te~~egatories, when broken down into subparts, exceeds the total of 25 permitted under Rule 33(a) of the Federal Rules of Civil Procedure.

    **INTERROGATORY NO. 1:**    Please state your full name, address, date of birth, and social security number, also state the name of anyone assisting you in answering these Interrogatories.



~a.
DS
EXHIBIT
DATE REP'iR L.A.D.
REPORTING

**litigation. I further object to this Interrogatory because it seeks information that is irrelevant and immaterial, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, I have not informed anyone, other than my attorneys, about the factual specifics underlying the "occurrence or**
claims in [my] Complaint."

**INTERROGATORY NO. 14:         Please state in detail the nature of your employment and your job responsibilities with Encore (including but not limited to any management duties, evaluation of personnel and/or equipment, attending meetings and instructing or supervising subordinates) and your job titles, from the time of initial hire in 1995 through termination in 2001. Please identify the existence, location, and identify (sic) of any and all document supporting your answer.**

ANSWER:         **I object to this Interrogatory to the extent that it seeks information regarding my job titles, which are irrelevant and immaterial to this litigation.          Without waiving said objection, my job title at Encore from March 2001 until the end of my employment was "Campaign Manager." Prior to that time, from April 2000 until March 2001, my title was "Teleservices Manager." And from December 1998 until April 2000, my title was "Telemarketing Specialist." On a day to day basis, at all times relevant to this case, my primary responsibilities were to process incoming reports from vendors, track vendor performance, communicate with vendors about their performance, distribute the reports, process new client files, work with the IT department to facilitate the start-up** of new **vendors, work with the accounting and shared service departments to verify that data was being properly transmitted from vendors, schedule conference calls for clients, and work with the fulfillment department to disseminate product materials.  My job**

duties at Encore were performed at all times under the supervision and/or at the direction of my superiors. *See* Answer to Interrogatory No. 17.

During my employment at Encore, I did attend meetings, as did the entire marketing department. However, I had no management duties, did not evaluate personnel, and did not instruct or supervise other employees.

<u>INTERROGATORY NO. 15</u>:   Please list any non-monetary benefits you received as a consequence of your employment with Encore, from the time of initial hire in 1995 through termination in 2001, and also detail the amount of monetary compensation you received, the regularity of said compensation, the job title you held when receiving each amount of compensation, the prerequisites of said compensation and any other detail relating to the payment procedure or pre-requisites (sic) for your salary. Please state the existence, location and identity of any documents supporting your answer.

<u>ANSWER</u>:   In terms of non-monetary benefits, I received medical and dental benefits. Additionally, I participated in Encore's 401K plan (under the plan, the company did not match deposits). From November 1999 until June 2000, I was paid $32,000.00 per year. In July 2000, I received a pay increase to approximately $38,000.00 per year. Subsequently, in March 2001, I received another pay increase to approximately $48,000.00 per year. I was paid on a bi-weekly basis.

<u>INTERROGATORY NO. 16</u>:   State all facts in support of your contention that you were not subject to the supervisory exemption of the FLSA, and state the location and identity of any documents which support your contention.

<u>ANSWER</u>:   I object to this Interrogatory on the ground that it seeks to shift the burden of proof on this issue from the Defendant, who bears the burden, to the Plaintiff, and because it is not reasonably calculated to lead to the discovery of admissible evidence. I further object to this Interrogatory because it requires me to prove a negative.

W-07-03 18:27   From:DC WATER & SEWER                    2027575570         T-158 P.01/01 Job-735

Z SOLEMNLY AF I.RM under the penalties of pe jury that the forgoing Answers to Interrogatories are true 1) *the best of* my knowledge, information, ant belief.