IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND (Southern Division)

CARMEN GIBSON

    Plaintiff

v.    *    Case No.: L-02-CV-3827

ENCORE MARKETING INT'L INC.

    Defendant

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Defendant Encore Marketing International, Inc.

FROM:    Plaintiff Carmen Gibson

    REQUEST NO. 1: Any communication or statement made by Mr. Stephen Klein (President of Encore) or any officer or agent of Encore, either written, orally recorded, or transcribed in the possession of you, your representatives or agents.

    RESPONSE: Plaintiff objects to this Request as vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request to the extent that it seeks to obtain documents that are privileged, are attorney work-product, and/or were prepared in anticipation of litigation, Without waving said objections, Plaintiff does not possess any such formal "statements." However, Plaintiff does have several e-mails and other correspondence written by her superiors at Encore, which will be produced.

    REQUEST NO. 2: Any reports, correspondence, documents and/or materials (including oral reports, whether transcribed or otherwise) by you, Encore or its employees or agents, and provided to anyone, except those confidential in nature covered

REQUEST NO. 6: All documents representing any form of communication between you and Encore, its agents or employees, regarding the method, mode or procedure of your payment, including but not limited to any inquiries, demands or suggestions made by either party.

RESPONSE: Plaintiff will produce all such documents currently in her possession.

REQUEST NO. 7: All documents which you contend represent contracts, agreements, proposals, offers or parts thereof between you and Encore and/or its employees or agents.

RESPONSE: None.

REQUEST NO. 8: A full copy of any complaints, reports, notices or other documents that you provided to any government agency regarding or relating to Encore.

RESPONSE: After conducting a reasonably diligent search, Plaintiff is currently unable to locate any such documents.

REQUEST NO. 9: Any documents which would reflect the terms and conditions or nature of your employment at Encore, including any document concerning wages, hours, working conditions, duties and responsibilities or status of employment.

RESPONSE: Plaintiff will produce all such documents currently in her possession. Plaintiff notes that several of these documents were prepared by Encore itself or at the company's direction, and they do not necessarily accurately reflect the duties Plaintiff actually performed at work on a day-to-day basis.

REQUEST NO. 10: Any documents concerning days, weeks or hours worked at Encore, including but not limited, to timesheets, vouchers, calendars, e-mails or other documents.

RESPONSE: Plaintiff will produce all such documents currently in her possession. With respect to the calendar excerpts being produced, Plaintiff notes that she is only producing those pages of her calendars currently in her possession which are

relevant to the issue of overtime hours worked. Specifically, the pages produced include express references to work conducted on Defendant's behalf either on weekends or after 5:00 p.m. on weekdays. Plaintiff further notes that she did not record every occasion on which she worked hours in excess of 40 in a given workweek, and that the pages being produced herewith should not be considered an all-inclusive record of all overtime hours actually worked by Plaintiff.

**REQUEST NO. 11:** Any documents concerning any managerial or supervisory responsibilities performed by you at Encore.

**RESPONSE:** None.

**REQUEST NO. 12:** Any document which reflects the amounts you contend Encore is indebted to you for lost wages, attorneys' fees, or other costs or damages.

**RESPONSE:** Plaintiff objects to this Request as vague and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, no document reflecting specific dollar amounts owed to Plaintiff for overtime wages would have ever been generated because Encore never compensated Plaintiff in any way for hours she worked in excess of 40 in a given workweek. Nevertheless, Plaintiff will produce the one pay stub currently in her possession. Plaintiff further notes that documents reflecting the amount of her attorneys' fees will be periodically submitted to Encore in accordance with the court's rules of procedure. *See also* documents produced in response to Request for Production of Documents No. 6.

**REQUEST NO. 13:** Any documents which reflects (sic) the nature of the authority, responsibility, duties and responsibilities of your position at Encore, including any organization chart, job description, memoranda, letters, handbooks, or other documents.