IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| CARMEN GIBSON | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: L-02-CV-3827 |
| ENCORE MARKETING INT'L, INC. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWERS TO INTERROGATORIES

TO:     Defendant Encore Marketing International, Inc.

FROM:   Plaintiff Carmen Gibson

a.    The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

b.    The word usage and sentence structure is that of the attorneys who, in fact, prepared these answers and language does not purport to be the exact language of the executing party.

c.    The answers to these Interrogatories are subject to amendment and/or supplementation as the course of this litigation continues.

d.    General Objection: Defendant's Interrogatories, when broken down into subparts, exceeds the total of 25 permitted under Rule 33(a) of the Federal Rules of Civil Procedure.

INTERROGATORY NO. 1:    Please state your full name, address, date of birth, and social security number, also state the name of anyone assisting you in answering these Interrogatories.

ANSWER: Carmen Ann Marie Gibson; 123 Cindy Lane, Capitol Heights, Maryland 20743; October 17, 1966; 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. My answers were drafted by my counsel based upon information that I supplied to him.

INTERROGATORY NO. 2: Please state the full name and address of each school you attended, your field of study, the dates you attended and your date of graduation.

ANSWER: I attended Johnson C. Smith University in Charlotte, North Carolina from 1984 to 1986. My field of study was business management. I did not graduate.

INTERROGATORY NO. 3: Please state the title of each job-related license or registration that you hold and the date you received it, and the name of the board or union that issued it.

ANSWER: I object to this Interrogatory on the ground that it seeks information that is irrelevant and immaterial, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, none.

INTERROGATORY NO. 4: Please list all job-related associations, unions or other groups to which you belong and the duration of your membership with each.

ANSWER: I object to this Interrogatory on the ground that it seeks information that is wholly irrelevant and immaterial, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, none.

INTERROGATORY NO. 5: Please list all job related skills that you have acquired in your educational and employment experience and for each skill listed, please: (a) describe each skill; (b) state how and when you acquired each skill; (c) state your level of competence for each skill; and (d) list all licenses, diplomas, or certificates held indicating competence in the skill.

ANSWER: I object to this interrogatory as overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. I further object to

2

this Interrogatory on the ground that it seeks information that is irrelevant and immaterial. Without waiving said objections, I do not hold any licenses, diplomas, or certificates indicating competence in job-related skills.

INTERROGATORY NO. 6:   Please describe each of your employment experiences prior to and subsequent to your employment with Encore and specify the name and address of each employer, dates of such employment, your job duties and responsibilities, your compensation, and your reason for leaving each. (Please see Document Schedule item #3.)

ANSWER:   I object to this Interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. I further object to this Interrogatory on the ground that it seeks information that is wholly irrelevant and immaterial. Without waiving said objections, Defendant is referred to my W-2 Wage and Tax Statements, which will be produced herewith. For further information, Defendant is referred to my Answer to Interrogatory No. 8.

INTERROGATORY NO. 7:   Please describe fully any period of unemployment that you have experienced, including the dates for each period.

ANSWER:   I object to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. I further object to this Interrogatory on the ground that it seeks information that is wholly irrelevant and immaterial. Without waiving said objections, I was unemployed from June 1, 2001 until January 27, 2002.

INTERROGATORY NO. 8:   Please state your current employment, including the name, address, and telephone number of your employer, your employment position or title, the nature of your duties and responsibilities, the name of your immediate boss or supervisor, the date you began employment, your current salary and whether you are paid on an hourly or a salary basis. (Please see Document Schedule item #3.)

3

ANSWER: I object to this Interrogatory on the ground that it seeks information that is wholly irrelevant and immaterial, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, since January 28, 2002, I have worked for D.C. Water & Sewer Authority at 5000 Overlook Drive, S.W., in Washington, D.C. as a Customer Care Associate. I handle incoming customer service calls, and my supervisor is Edith Lanum. I am paid on an hourly basis at a rate of $18.92 per hour.

INTERROGATORY NO. 9: If you complained to any previous employer (prior to employment with Encore) about any form or kind of employment dispute, including wage dispute, wrongful discharge, or discrimination, please state: (a) the name and address of the employer; (b) the date of each complaint; (c) the details of each complaint; (d) the names and titles of the persons with whom you lodged each complaint; (f) the type and nature of each complaint; and (g) the determination, if any, as to each complaint.

ANSWER: I object to this Interrogatory on the ground that it seeks information that is wholly irrelevant and immaterial, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, I made no such complaints.

INTERROGATORY NO. 10: Please identify all eyewitnesses to all or any part of the allegations in your Complaint or any individuals who have given you or your representative(s) a written or oral statement concerning the allegations in your complaint.

ANSWER: I object to this Interrogatory on the ground that it seeks information that is privileged, is attorney work-product, and/or was prepared in anticipation of litigation, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, eyewitnesses include: Dana Grasso, Bernard Gibson, Kelly Hannabas, John Bourdon, Lyndsay Marchese, Deborah

4

Chapin, Michael Stott, Pamela Rubin, Joyce Fulton, Tom Deliso, David Gallimore, Juanson Pitt, Gabrielle Nickens-Garner, Rob Channon, Rodena Brown, Laura Dickson, Beth Bell, and Jackie Hudson. The answer to this Interrogatory is subject to amendment and/or supplementation as the course of this litigation continues. Defendant is also referred to my Answer to Interrogatory No. 17.

INTERROGATORY NO. 11: List all experts whom you propose to call as witnesses and identify: (a) the subject matter on which the expert is expected to testify; (b) the substance of the facts and opinions to which each expert is expected to testify; (c) the grounds upon which each expert bases his or her opinion; (d) each expert's complete educational and professional experience and background; (e) the articles, treatises, textbooks, and other publications or authorities each expert is relying on as authoritative with respect to the subject matter in which he or she will be testifying; (f) the amount of fees paid or to be paid for each expert's services and the basis agreed upon for his or her remuneration in this case; (g) the number of times each expert has served as an expert consultant or witness for Plaintiff's counsel and/or counsel's law firm, including the case name, court and court file number for those instances where a court matter was involved; and (h) the case name, court and file number of each case in which each expert has provided expert testimony either by deposition or court appearance in other cases.

ANSWER: None at this time. If and when an expert is retained, the answer to this Interrogatory will be amended accordingly.

INTERROGATORY NO. 12: Please identify all individuals who have personal knowledge of the facts of this case, and please set forth to the best of your knowledge the information that each individual has that is relevant to this case.

ANSWER: Defendant is referred to my Answer to Interrogatory No. 10.

INTERROGATORY NO. 13: State with specificity the nature of any information you provided to any person or entity concerning the occurrence or claims in the Complaint. Your answer should include the substance of any written or oral statement, the date and time such statement was made, the person or entity to whom the statement was made, and the purpose for which the statement was made.

ANSWER: I object to this Interrogatory to the extent that it seeks information that is privileged, is attorney work-product, and/or was prepared in anticipation of

litigation. I further object to this Interrogatory because it seeks information that is irrelevant and immaterial, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, I have not informed anyone, other than my attorneys, about the factual specifics underlying the "occurrence or claims in [my] Complaint."

INTERROGATORY NO. 14: Please state in detail the nature of your employment and your job responsibilities with Encore (including but not limited to any management duties, evaluation of personnel and/or equipment, attending meetings and instructing or supervising subordinates) and your job titles, from the time of initial hire in 1995 through termination in 2001. Please identify the existence, location, and identify (sic) of any and all document supporting your answer.

ANSWER: I object to this Interrogatory to the extent that it seeks information regarding my job titles, which are irrelevant and immaterial to this litigation. Without waiving said objection, my job title at Encore from March 2001 until the end of my employment was "Campaign Manager." Prior to that time, from April 2000 until March 2001, my title was "Teleservices Manager." And from December 1998 until April 2000, my title was "Telemarketing Specialist." On a day to day basis, at all times relevant to this case, my primary responsibilities were to process incoming reports from vendors, track vendor performance, communicate with vendors about their performance, distribute the reports, process new client files, work with the IT department to facilitate the start-up of new vendors, work with the accounting and shared service departments to verify that data was being properly transmitted from vendors, schedule conference calls for clients, and work with the fulfillment department to disseminate product materials. My job

duties at Encore were performed at all times under the supervision and/or at the direction of my superiors. *See* Answer to Interrogatory No. 17.

During my employment at Encore, I did attend meetings, as did the entire marketing department. However, I had no management duties, did not evaluate personnel, and did not instruct or supervise other employees.

INTERROGATORY NO. 15: Please list any non-monetary benefits you received as a consequence of your employment with Encore, from the time of initial hire in 1995 through termination in 2001, and also detail the amount of monetary compensation you received, the regularity of said compensation, the job title you held when receiving each amount of compensation, the prerequisites of said compensation and any other detail relating to the payment procedure or pre-requisites (sic) for your salary. Please state the existence, location and identity of any documents supporting your answer.

ANSWER: In terms of non-monetary benefits, I received medical and dental benefits. Additionally, I participated in Encore's 401K plan (under the plan, the company did not match deposits). From November 1999 until June 2000, I was paid $32,000.00 per year. In July 2000, I received a pay increase to approximately $38,000.00 per year. Subsequently, in March 2001, I received another pay increase to approximately $48,000.00 per year. I was paid on a bi-weekly basis.

INTERROGATORY NO. 16: State all facts in support of your contention that you were not subject to the supervisory exemption of the FLSA, and state the location and identity of any documents which support your contention.

ANSWER: I object to this Interrogatory on the ground that it seeks to shift the burden of proof on this issue from the Defendant, who bears the burden, to the Plaintiff, and because it is not reasonably calculated to lead to the discovery of admissible evidence. I further object to this Interrogatory because it requires me to prove a negative.

Without waiving said objections, Defendant is referred to my Answer to Interrogatory No. 14 as well as the document production of both parties.

INTERROGATORY NO. 17: Please list the employees of Encore with whom you had any type of supervisory or management relationship, where you were either the supervisor or the supervisee.

ANSWER: I object to this Interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, from November 1999 through May 2001, I was directly supervised at various times by John Bourdon, Kelly Hannabas, Beth Bell, and David Gallimore. I did not supervise or manage any employees.

INTERROGATORY NO. 18: Please list all damages that you are alleging, including but not limited to: lost wages, backpay (sic), overtime pay, attorney's fees, costs and expenses of litigation, compensatory, punitive, etc., and state the location and identity of any documents which support your claims.

ANSWER: Defendant is referred to my Complaint.

INTERROGATORY NO. 19: Please list each instance before the filing of this suit (including the date, location and the person with whom you communicated), where you made inquiries, statements or demands upon Encore, or any of its agents or employees, for any of the damages listed in Interrogatory #18, and state the location and identity of any documents supporting this answer.

ANSWER: I object to this Interrogatory on the ground that it seeks information that is irrelevant and immaterial, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, none.

INTERROGATORY NO. 20: Please identify all communications, whether written, oral or otherwise, had between you and Encore, any of its agents or employees, regarding the method or procedure of your payment, the amount of payment, and/or the frequency of payment. To the extent possible, list the dates of said communications and with whom you communicated.

ANSWER:   I object to this Interrogatory on the ground that it seeks information that is irrelevant and immaterial, and because it is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, I cannot specifically recall any particular conversations about the method or procedure of payment or the frequency of payment.  However, I did engage in communications with my superiors, both orally and in writing, regarding the amount of my payment.  These communications took place at various times over the course of several months in 2000 and 2001.

                                          Respectfully submitted,

                                          */s/ Philip B. Zipin*
Philip B. Zipin, Bar No.: 03932
Neil R. Lebowitz, Bar No.: 25155
Zipin, Melehy & Driscoll LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
(301) 587-6364
Counsel for Plaintiff

9

I SOLEMNLY AFFIRM under the penalties of perjury that the forgoing Answers to Interrogatories are true to the best of my knowledge, information, and belief.

Carmen Gibson