IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

CARMEN GIBSON                              :

        Plaintiff                    :

v.                                         : Civil Action No.: L-02-CV-3827

ENCORE MARKETING
INTERNATIONAL, INC.                        :

        Defendant                    :

### DEFENDANT'S ANSWERS TO PLAINTIFF'S
### FIRST SET OF INTERROGATORIES

COMES NOW Defendant, ENCORE MARKETING INT'L, INC., by and through counsel, Timothy F. Maloney, Veronica Byam and the law firm of Joseph, Greenwald & Laake, P.A., and in answer to Interrogatories of Plaintiff, states as follows:

    A.    The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes the knowledge of the party, agents, representatives, and attorneys, unless privileged.

    B.    The word usage and sentence structure may be that of the attorney assisting in the preparation of the Answers and thus does not purport to be the exact language of the executing party.

    C.    Answers to Interrogatories furnish knowledge, facts, and information presently available to the persons answering the Interrogatories and, if subsequent or different information is obtained prior to trial, as requested, such information will be either formally or informally communicated to all parties.

### General Objections

    A.    The undersigned objects to any Interrogatories that seek the disclosure of information protected by the attorney/client privilege, the work product doctrine, or any other applicable privilege. The inadvertent disclosure of privileged material shall not constitute a waiver of the applicable privilege.

**Joseph
Greenwald
& Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

B.   The undersigned objects to these Interrogatories to the extent they call for information that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the disclosure of admissible evidence.

C.   These responses to Interrogatories are made subject to inadvertent or undiscovered errors and are based upon and therefore limited by records and information still in existence, presently recollected and thus far discovered and reviewed in the course of preparing these responses. Ongoing discovery is in its earliest stage at this time. The undersigned reserves the right to make any changes to the response if it appears that inadvertent, erroneous, inclusions, omissions or other errors have been made or additional or more accurate information becomes available including information from ongoing discovery.

D.   The undersigned objects to the Interrogatories to the extent they seek information not discoverable under the Federal Rules of Civil Procedure.

Each of the forgoing objections and responses applies to each individual interrogatory and is incorporated in the undersigned's answer to each interrogatory as if fully set forth therein.

**INTERROGATORY NO. 1**: Identify all individuals who are providing information used in these Answers to Interrogatories, indicating the information supplied by each such individual.

**ANSWER**: Felicia Watkins-White, Director of Human Resources for Encore, assisted counsel with the preparation of these Answers to Interrogatories. Ms. White answers herein on behalf of Defendant Encore.

**INTERROGATORY NO. 2**: List all positions held by Plaintiff during the time of her employment with you, the dates said positions were held, the duties entailed in each position, the rate of pay for each position, and the total number of hours worked by Plaintiff, each week, in each said position during her employment with you. Identify all documents relating thereto.

**ANSWER**: Ms. Gibson held the position of Customer Service Representative starting on October 30, 1995. Her hourly pay rate was $9.11 and her duties, generally, included answering inbound telephone calls from members and potential members.

Ms. Gibson held the position of Senior Representative starting on December 16, 1996. Her hourly rate of pay at this position was $9.90 and her duties, generally, included the same

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

2

phone duties as a Customer Service Representative, with the added duty of assisting representatives with paperwork and escalated calls.

Ms. Gibson held the position of Monitoring Specialist starting August 18, 1997. Her hourly rate at this position was $10.40 and her duties, generally, included monitoring calls of the representatives and Encore's outside marketing representatives.

On July 13, 1998, Ms. Gibson moved to the Telemarketing Department and took the position of Tape Processing Coordinator. Her hourly rate at this position was $12.02 and her duties, generally, remained the same as her immediate previous position.

Ms. Gibson held the position of Telemarketing Process Specialist starting on December 14, 1998. Her annual salary at this position was $29,993.60 and her duties, generally, included creating and implementing quality standards for telemarketing, maintaining reports and vendor evaluations, developing telemarketing processes, scheduling and managing Monitoring Specialist.

Ms. Gibson held the position of Teleservices Manager starting on June 1, 2000. Her annual salary at this position was $38,147.20 and her duties, generally, included being accountable for profitability of all Telemarketing programs, maintaining and managing contact with vendor partners, conducting annual audits for agencies, making sound decisions regarding placement of programs, managing telemarketing reports, mailcodes and other similar duties inherent in the position.

Ms. Gibson held the position of Campaign Manager starting on March 19, 2001. Her annual salary at this position was $48,065 and her duties, generally, included the same as those she performed as a Teleservices Manager.

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

3

In all the positions listed above, the standard hours of work were eighty (80) hours per pay period.

Documents relating hereto include Salary Increase Recommendations and Job Descriptions.

**INTERROGATORY NO. 3**: State the amount of all wages and/or other forms of compensation paid to Plaintiff by you, by week, from November 1999 through May 2001, for all positions held by Plaintiff. If forms of compensation other than money were paid to Plaintiff (e.g., use of company car, uniforms, travel expenses, etc.), indicate the form of the compensation, the total monetary value of such compensation and the basis for arriving at such a monetary value. Identify all documents relating thereto.

**ANSWER**: See Answer to Interrogatory No. 2. Documents relating hereto include certain W-2s, internal memoranda, Personnel Change Notices and Payroll records.

**INTERROGATORY NO. 4**: Identify all persons who supervised and/or directed Plaintiff in relation to the performance of her duties, hours worked and compensation received for all positions identified above in your Answer to Interrogatory No. 2, and the dates of said supervision or direction.

**ANSWER**: *See* Answer to Interrogatory No. 2 for dates related to each position. Ms. Gibson was supervised at times by Gaye Banks and Camille Regist while she worked in the Call Center; by Jane Bowling when she held the position of Customer Service Representative; by Joan Pesci when she held the position of Monitoring Specialist; by John Bourdon when she held the position of Tape Processing Coordinator in the Telemarketing Department; by Kelly Hannabas when she held the position of Telemarketing Processing Specialist; and by David Gallimore when she held the position of Teleservices Manager

**INTERROGATORY NO. 5**: Identify all persons known to you or your agents who have personal knowledge or information concerning any facts and circumstances surrounding work performed by Plaintiff for you during her employment with you, including but not limited to Plaintiff's duties and responsibilities, hours worked and compensation and/or benefits received. State the knowledge or information possessed by each such person.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

301-220-2200 • Fax 220-1214

**ANSWER**: The individuals listed in Answer No. 5 would all have personal knowledge of Ms. Gibson's work. If and when other individuals are identified this Answer will be duly supplemented.

**INTERROGATORY NO. 6**: Do you expect to call any expert witnesses at the time of the trial of this action? If so, please identify each expert witness, the subject matter of his or her testimony, the substance of the opinions to which he or she is expected to testify, and a summary of the grounds of each such opinion. Please attach a copy of the curriculum vitae of the expert, which should include educational background and degrees held by such witness, and other specific cases in which he or she has testified as an expert witness and for what purposes, and a copy of any report rendered by such expert in this matter.

**ANSWER**: No experts have been designated at this time. If and/when they are, this Answer will be duly supplemented.

**INTERROGATORY NO. 7**: If you contend that the Plaintiff is exempt from payment of overtime under the federal Fair Labor Standards Act or the Maryland Wage and Hour Law, please state all legal and factual bases for such contention. Identify all documents relating thereto.

**ANSWER**: Objection. This Interrogatory calls for a legal conclusion. Without waiving said objection, Ms. Gibson was hired as a Customer Service Representative. Her offer letter dated October 24, 1995 reflects this. During this position and the positions of Senior Representative, Monitoring Specialist and Tape Processing Specialist, Ms. Gibson was paid on an hourly basis and received overtime pay for any hours worked over the standard 80 hours per pay period. As Ms. Gibson was promoted and, among other things, assumed greater responsibility in her roles as Telemarketing Specialist and Manager, she was paid an annual salary (*see* above) and classified as a salaried employee. While a salaried employee, Ms. Gibson regularly exercised independent judgment and discretion in her work and had the experience and background necessary for these higher level responsibilities. Her duties were administrative in nature and consistent with the administrative exemption of the Fair Labor

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

Standards Act. Job Posting Applications, Job Descriptions and Interview Sheets completed by or pertaining to Ms. Gibson reflect this.

**INTERROGATORY NO. 8**: Describe in detail all efforts made by you to determine whether Plaintiff was an exempt or non-exempt employee for purposes of the federal Fair Labor Standards Act or the Maryland Wage and Hour Law.

**ANSWER**: Objection to the extent that this Interrogatory calls for a legal conclusion and seeks discovery of information protected under the attorney-client privilege. Without waiving said objection, Ms. Gibson never asked for clarification as to her job classification. Also, *see* Answer No. 7.

I HEREBY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

FELICIA WATKINS-WHITE,
Director of Human Resources
Encore Marketing International, Inc.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By: _____
Timothy F. Maloney
Veronica Byam
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 / voice
(301) 220-1214 / facsimile
Counsel for Defendant Encore

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

6