IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

**CARMEN GIBSON**

       **Plaintiff**

   v.            *     **Civil Action No.: L-02-CV-3827**

**ENCORE MARKETING INT'L, INC.**

       Defendant

### ANSWERS TO INTERROGATORIES

**TO:**     **Defendant Encore Marketing International, Inc.**

FROM:     **Plaintiff Carmen Gibson**

    a.     **The information supplied in these answers is not based solely upon the knowledge of the executing party, but includes the knowledge of the parry's agents, representatives, and attorneys, unless privileged.**

    b.     **The word usage and sentence structure is that of the attorneys who, in fact, prepared these answers and language does not purport to be the exact language of the executing party.**

    c.     **The answers to these Interrogatories are subject to amendment and/or supplementation as the course of this litigation continues.**

    d.     **General Objection:**   **Defendant's Interrogatories, when broken down into subparts, exceeds the total of 25 permitted under Rule 33(a) of the Federal Rules of Civil Procedure.**

    <u>**INTERROGATORY NO.**</u> 1:    **Please state your full name, address, date of birth, and social security number, also state the name of anyone assisting you in answering these Interrogatories.**

Without waiving said objections, Defendant is referred to my Answer to Interrogatory No. 14 as well as the document production of both parties.

**INTERROGATORY NO. 17**: Please list the employees of Encore with whom you had any type of supervisory or management relationship, where you were either the supervisor or the supervisee.

**ANSWER**: I object to this Interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, from November 1999 through May 2001, I was directly supervised at various times by John Bourdon, Kelly Hannabas, Beth Bell, and David Gallimore. I did not supervise or manage any employees.

**INTERROGATORY NO. 18**: Please list all damages that you are alleging, including but not limited to: lost wages, backpay (sic), overtime pay, attorney's fees, costs and expenses of litigation, compensatory, punitive, etc., and state the location and identity of any documents which support your claims.

**ANSWER**: Defendant is referred to my Complaint.

**INTERROGATORY NO. 19**: Please list each instance before the filing of this suit (including the date, location and the person with whom you communicated), where you made inquiries, statements or demands upon Encore, or any of its agents or employees, for any of the damages listed in Interrogatory.#18, and state the location and identity of any documents supporting this answer.

**ANSWER**: I object to this Interrogatory on the ground that it seeks information that is irrelevant and immaterial, and because it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, none.

**INTERROGATORY NO. 20**: Please identify all communications, whether written, oral or otherwise, had between you and Encore, any of its agents or employees, regarding the method or procedure of your payment, the amount of payment, and/or the frequency of payment. To the extent possible, list the dates of said communications and with whom you communicated.