UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950
(410) 962-2985 FAX

August 20, 2003

Philip B. Zipin, Esquire
Neil R. Lebowitz, Esquire
Zipin Melehy and Driscoll, LLC
8403 Colesville Rd, Ste 610
Silver Spring, Maryland 20910

Timothy Francis Maloney, Esquire
Veronica Byam, Esquire
Joseph Greenwald and Laake, PA
6404 Ivy Ln, Ste 400
Greenbelt, Maryland 20770

    Subject: *Carmen Gibson v. Encore Marketing International, Inc.*
               Civil No. WDQ-02-3827

Dear Counsel:

    Please be advised that a settlement conference in the above-captioned case has been scheduled for **Wednesday, October 29, 2003, at 10:00 a.m.** to be held in my chambers (Room 8C, United States Courthouse, 101 West Lombard Street, Baltimore, Maryland). It is required that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is <u>not</u> sufficient. *See* Local Rule 607.3. Please also be advised that the conference may take the entire day.

    No later than **Wednesday, October 22, 2003,** I would like to receive by regular mail, <u>not</u> electronically from each party a short letter candidly setting forth the following:

    1. Facts you believe you can prove at trial;

    2. The major weaknesses in each side's case, both factual and legal;

    3. An evaluation of the maximum and minimum damage awards you believe likely;

    4. The history of any settlement negotiations to date; and

    5. Estimate of attorney's fees and costs of litigation through trial.

    The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any

Letter to Counsel - *Gibson v Encore Marketing*
Page Two
August 20, 2003

case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d).

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/

James K. Bredar
United States Magistrate Judge

JKB/cw
cc: The Hon. William D. Quarles, Jr.
    Court file
    Chambers file

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.