IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARMEN GIBSON : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil Action No.: WDQ-02-3827 |
| : | |
| ENCORE MARKETING INT'L, INC. : | |
| : | |
| Defendant : | |

~~COMPLAINT~~

**AMENDED COMPLAINT**

Plaintiff, Carmen Gibson ("Plaintiff"), by and through her undersigned counsel, complains against Encore Marketing International, Inc. ("Defendant") to recover unpaid back wages, overtime pay, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. (hereinafter "FLSA"), the Maryland Wage Payment and Collection Law, Maryland Code Annotated, Labor and Employment Article §§ 3-501 *et seq*. (hereinafter "MWP&C") and the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. (hereinafter "MW&H"), as set forth below.

**PARTIES AND JURISDICTION**

1. Plaintiff, Carmen Gibson, is an adult resident of Maryland, residing at ~~123 Cindy Lane, Capitol Heights, Maryland 20743~~. 333 Meadow Way, Hyattsville, Maryland 20785.

2. Defendant, Encore Marketing International, Inc., is a corporation with its principal office in Lanham, Maryland. At all times relevant, Defendant was Plaintiff's "employer" for purposes of the FLSA, MWP&C and MW&H.

3. This Court has jurisdiction over the Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." During the period of her employment with Defendant, Plaintiff was engaged in interstate commerce within the meaning of §§ 3(b) and 7(a) of the FLSA (29 U.S.C. §§ 203(b) and 207(a)).

4. Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1391(b).

## **FACTS**

5. From November 1999 through approximately March 2000, Plaintiff was employed by Defendant as a Telemarketing Specialist. During this time, Plaintiff was paid a salary of $32,000/year, or $16.00/hour. From approximately April 2000 through May 31, 2001, Plaintiff was employed by Defendant as a Campaign Manager. While employed as Campaign Manager, Plaintiff earned $16.00/hour up until approximately June 30, 2000, $19.00/hour ($38,000/year salary) from July 1, 2000 through March 1, 2001, and $24.00/hour ($48,000/year salary) from March 1, 2001 until the termination of her employment on May 31, 2001.

6. During the period November 1999 through May 31, 2001, Plaintiff worked, on average, approximately twenty (20) hours per week of overtime beyond forty (40) hours. Plaintiff was not paid for the overtime hours she worked.

## **COUNT I**

**(Violation of Federal Fair Labor Standards Act)**

7. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-6 above, as if each were set forth herein.

8.  Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9.  As set forth more fully above, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was her "employer" under § 207(a)(2). Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff for overtime hours worked, at the overtime rate.

10. Plaintiff was entitled to and is owed overtime pay at the rate of one and one-half (1½) times her regular pay for hours worked in excess of forty (40) hours in a given work week. Plaintiff worked an average of sixty (60) hours per week for approximately eighty-one (81) weeks, excluding vacation, sick days and holidays, during the time period November 1999 through May 31, 2001, for a total of approximately 1,620 hours of overtime. Her "regular rate" and "overtime rate" during this time period was as follows:

| Time Period | Regular Rate | Overtime Rate | Overtime Owed |
| --- | --- | --- | --- |
| 11/22/99 – 6/30/00 | $16.00/hour | $24.00/hour | $14,880.00 |
| 7/1/00 – 2/28/01 | $19.00/hour | $28.50/hour | $21,090.00 |
| 3/1/01 – 5/31/01 | $24.00/hour | $36.00/hour | $9,360.00 |

Overtime pay is due and owing to Plaintiff in the amount of approximately $45,330.00.

11. Defendant has failed and refused to compensate Plaintiff properly as required by law for the approximately 1,620 overtime hours worked by Plaintiff. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Plaintiff prays that she be awarded judgment on Count I of her Complaint for unpaid overtime wages in the amount of $45,330.00, or such other amount as is

proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II

### (Violation of Maryland Wage & Hour Law)

12.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-11 above, as if each were set forth herein.

13.     As set forth more fully above, Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the MW&H.  As her "employer," Defendant was obligated to pay Plaintiff wages and overtime compensation under §§ 3-415 and 3-420 of the MW&H.  These sections require payment at the rate of one and one-half (1½) times the rate at which Plaintiff was compensated for "straight time" (her "regular rate"), for all hours worked in excess of forty (40) hours in any given workweek.

14.     As set forth above, Plaintiff worked an average of sixty (60) hours per week for approximately eighty-one (81) weeks, excluding vacation, sick days and holidays, during the time period November 1999 through May 31, 2001, for a total of approximately 1,620 hours of overtime.  As set forth in Paragraph 10 above, Plaintiff is owed approximately $45,330.00 in overtime wages under the MW&H.

15.     Defendant's failure to comply with its obligations under the MW&H was willful and intentional, and not in good faith.

WHEREFORE, Plaintiff prays that she be awarded judgment on Count II of her Complaint for unpaid overtime wages under the MW&H in the amount of $45,330.00, or such other amount as is proved at trial.  In addition, Plaintiff claims liquidated damages in an equal

amount, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III

### (Violation of Maryland Wage Payment and Collection Law)

16. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-15 above, as if each were set forth herein.

17. As set forth more fully above, overtime wages are due and owing to Plaintiff in the amount of approximately $45,330.00.

18. Under Maryland's Wage Payment and Collection Law, Plaintiff is additionally entitled to seek the recovery of up to three times that amount as liquidated damages.

WHEREFORE, Plaintiff prays that she be awarded judgment on Count III of her Complaint for unpaid overtime wages under MWP&C in the amount of $45,330.00, or such other amount as is proved at trial. In addition, Plaintiff claims three times that amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_____
Philip B. Zipin, Esq., Bar No. 03932
Neil R. Lebowitz, Esq., Bar No. 25155
Zipin, Melehy & Driscoll LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
301-587-6364
Attorneys for Plaintiff

5