**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CARMEN GIBSON** | * | |
| Plaintiff | * | |
| v. | * | **Civil Action No.:WDQ-02-3827** |
| **ENCORE MARKETING INT'L, INC**. | * | |
| Defendant | * | |

<u>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE**</u>

COMES NOW, the Defendant, Encore Marketing International, Inc., by and through

its attorneys, Timothy F. Maloney, Veronica Byam Nannis and the law firm of Joseph,

Greenwald & Laake, P.A., and pursuant to the Federal Rules of Civil Procedure and the

Court's Pre-Trial Order, hereby submits this Memorandum of Law in Support of Motion in

Limine and respectfully requests that this Honorable Court order that the Plaintiff be

precluded from introducing her appointment calendar for November 2000 through May 2001

into evidence and that such document be excluded in its entirety from evidence at the trial of

this matter, and in furtherance thereof states as follows:

<u>**INTRODUCTION**</u>

In December 1998, Plaintiff was promoted by Encore to Telemarketing Process

Specialist. With this promotion, the Plaintiff became a salaried employee and exempt for

purposes of the FLSA[1] and MWHL[2].  In June 2000, the Plaintiff was promoted to

Teleservices Manager, and received a pay raise to approximately $38,000.00.  Finally, in

March 2001, the Plaintiff was promoted to Campaign Manager with a pay raise to

---

[1] Fair Labor Standards Act, for purposes of this action, specifically 29 U.S.C. § 207(a)(1).
[2] Maryland Wage and Hour Law, for purposes here, specifically Maryland *Labor and Employment* Code Ann. §§ 3-415; 3-420.

approximately $48,000.00. At the time of Plaintiff's termination on May 31, 2001, her annual

salary was $48,000.

The Plaintiff was compensated on a bi-weekly basis throughout her employment with

Encore.  Prior to becoming a Telemarketing Process Specialist, and a salaried employee, the

Plaintiff's work hours were tracked through Plaintiff's use of her work telephone.  After this

time, once Plaintiff reached a salaried level, her hours were no longer formerly and

automatically tracked by herself or by Encore. The Defendant does not possess a *daily record*

of the Plaintiff's hours worked, though payroll records do demonstrate hours worked per pay

period.  The Plaintiff claims to have conscientiously and routinely tracked her hours during

the relevant time period through entries into her appointment calendar.  As per the Pre-Trial

Order, the Plaintiff intends to introduce her appointment calendar from November 2000

through May 2001 as evidence of both liability and damages.  The Plaintiff intends to use the

calendar at trial to prove that she did, indeed, work more than forty hours per week on

occasion and also as evidence of the alleged amount of overtime she is consequently due.  The

Defendant intends to object to the admissibility of this document.

### ARGUMENT

A.    **The Calendar Must Be Excluded From Evidence
As It Constitutes Inadmissible Hearsay.**

Hearsay is inadmissible pursuant to FRE 802.  Federal Rule of Evidence 801 defines

hearsay as:

> (c) Hearsay. "Hearsay" is a statement, other than one made by the declarant
> while testifying at the trial or hearing, offered in evidence to prove the truth of
> the matter asserted.

FRE 801(c).  Furthermore, a "statement" for purposes of hearsay is, "(1) an oral or written

assertion … if it is intended by the person as an assertion." FRE 801(a).

The Plaintiff's appointment calendar is unquestionably a written assertion that she worked overtime during the relevant time period (liability) and that she is due the associated compensation for the days in which she worked overtime (damages).  Moreover, the appointment calendar will be offered by the Plaintiff to prove the truth of these assertions, and not for any other non-hearsay purpose.  Therefore, the Plaintiff's calendar indisputably constitutes hearsay and as such must not be admitted into evidence at the trial of this matter.

**B.** **Even If The Calendar Is Read Into The Record, It Still Cannot Be Admitted As An Exhibit And So Used By The Jury.**

The Defendant recognizes that the Plaintiff may argue that the calendar represents an exception to the hearsay rule pursuant to FRE 803(5), a "recorded recollection."  If this argument is proffered by the Plaintiff and accepted by the Court, the Defendant still emphasizes that while the calendar may be used by the Plaintiff (witness) to refresh her recollection, and may even be read into the record upon the appropriate foundation, the exhibit itself, still cannot be entered into evidence and cannot be taken by the jury into its deliberations.  FRE 803(5) (stating, "if admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.").  It has been noted that, "the drafters precluded the receipt of recorded recollection as an exhibit of the proponent of the memorandum in order to prevent the trier of fact from being overly impressed by the writing." *United States v. Judon*, 567 F.2d 1289, 1294 (5th Cir. 1978) (*citing,* 11 J. Moore, Federal Practice § 803(5)[5] (1976)).  Therefore, the Plaintiff is precluded by the Federal Rules of Evidence from introducing her appointment calendar into evidence at the trial of this matter and the Court should so order this proposed exhibit excluded in its entirety.

## CONCLUSION

In consideration of the indisputable fact that the Plaintiff's appointment calendar constitutes inadmissible hearsay pursuant to FRE 801-802, the Defendant hereby respectfully requests that the Court order that this document be precluded in its entirety from the evidence in the trial of this matter.  Furthermore, should the Court allow the Plaintiff to use her appointment calendar to refresh her memory pursuant to FRE 803(5), the Defendant requests that the Court order that the calendar, itself, still be precluded as a trial exhibit and not be used by the jury during its deliberations.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

/s/

_____
Timothy F. Maloney, Bar #03381
Veronica Byam Nannis, Bar #15679
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200
tmaloney@jgllaw.com
vnannis@jgllaw.com
Attorneys for the Defendant