IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARMEN GIBSON | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No.: WDQ-02-3827 |
| ENCORE MARKETING INT'L, INC. | * | |
|     Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### PLAINTIFF'S PROPOSED INSTRUCTION NO. 1: FAIR LABOR STANDARDS ACT: GENERALLY

This case arises under the Fair Labor Standards Act, [or FLSA,] which is a federal law that provides for the payment of time-and-a-half overtime pay. The Plaintiff [in this case, Ms. Gibson,] claims that the Defendant, [Encore Marketing International,] did not pay her the legally required overtime pay.

An employer must pay its employees at least one and one-half times their regular rate for overtime work. An employee's regular rate is the basis for calculating any overtime pay due the employee. The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, is one and one-half times that rate.

[In order to recover,] the Plaintiff must [first] prove each of the following [three elements] by a preponderance of the evidence:

    1.    That the Defendant employed Plaintiff during the time period involved;

2.      That the Plaintiff's work was engaged in commerce or in the production of goods [or services] for commerce *or* Defendant's business employed at least two persons and was engaged in commerce or the production of goods [or services] for commerce and had annual gross sales of at least $500,000; and

3.      That Defendant failed to pay Plaintiff the overtime pay required by law.

The term "commerce" has a very broad meaning and includes any trade, commerce, transportation, transmission or communication between [persons or businesses in] any state and [persons or businesses] any place outside of that state.

A person is considered to have been "engaged in the production of goods" if the person produced, manufactured, handled, transported, or in any manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods.

[As for the burden of proof on the Plaintiff, in order to prove something by a "preponderance of the evidence" a party must prove that it is more likely so than not so. In other words, a preponderance of the evidence means such evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind a belief that it is more likely true than not true.]

In its defense, the Defendant claims that . . . the overtime pay law does not apply [in this case] because Defendant is exempt from those requirements [with respect to Plaintiff].

The exemption claimed by Defendant is called the "administrative" exemption.

To receive the benefit of this exemption, the Defendant must prove by ["clear and convincing" evidence] that the Plaintiff's primary duties fit within the requirements of the exemption. [I will explain to you in later instructions precisely what the "administrative" exemption is.]

If, after considering all of the evidence, you find that the Plaintiff has failed to prove one or more of the three elements of her claim for overtime pay, your verdict must be for the Defendant.

Even if the Plaintiff has proven the elements of her claim, you must return a verdict for the Defendant if the Defendant proves by ["clear and convincing"] evidence that it is exempt from the overtime pay law [with respect to the Plaintiff].

If, however, you find that the Plaintiff has proved by a preponderance of the evidence all of the elements of her claim, and that the Defendant has failed to establish its claim of exemption from the overtime pay law, then your verdict must be for the Plaintiff [on her overtime claim] and you must determine the damages that the Plaintiff is entitled to recover.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

**Source of Instruction:**   McNamara & Southerland, <u>Federal Employment Jury Instructions</u> § 6:30.  *See also Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993) (employer's burden of proof for FLSA exemption is clear and convincing); *Birdwell v. City of Gadsden, Alabama*, 970 F.2d 802, 805 (11th Cir. 1992) (citing *Donovan v. United Video, Inc.*, 725 F.2d 577, 581 (10th Cir. 1984)) (same).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 2:
## FAIR LABOR STANDARDS ACT: EXEMPTIONS GENERALLY

The employer, not the employee, has the burden of establishing by "clear and convincing" evidence that it is entitled to the benefit of an exemption under the Fair Labor Standards Act. In attempting to make this showing, the employer has the burden of establishing by affirmative factual evidence all the necessary requirements of the exemption, and also bears the full burden to persuade you that the exemption should apply in this case. Exemptions from the overtime provisions of the Fair Labor Standards Act are to be narrowly construed against the employer seeking to assert them and the exemptions should only apply to an employee whose duties fall plainly and unmistakably within the terms and spirit of the exemption, with the burden of establishing such applicability resting squarely on the employer's shoulders. If the evidence is unclear as to some exemption requirement, the employer has not satisfied its burden.

**Source of Instruction:** *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960); *Shockley v. City of Newport News*, 997 F.2d 18, 21, 24 (4th Cir. 1993); *Clark v. J.M. Benson Co.*, 789 F.2d 282, 285-86 (4th Cir. 1986); *Yuen v. U.S. Asia Commercial Dev. Corp.*, 974 F. Supp. 515, 519 (E.D. Va. 1997); *Birdwell v. City of Gadsden, Alabama*, 970 F.2d 802, 805 (11th Cir. 1992) (citing *Donovan v. United Video, Inc.*, 725 F.2d 577, 581 (10th Cir. 1984)); *Dalheim v. KDFW-TV*, 706 F. Supp. 493, 501 (N.D. Tex. 1988), *aff'd*, 918 F.2d 1220 (5th Cir. 1990); *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 900 (3rd Cir. 1991) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 206 (1966)); *Bennett v. Progressive Corp.*, 225 F. Supp.2d 190, 215 (N.D.N.Y. 2002).

### PLAINTIFF'S PROPOSED INSTRUCTION NO. 3:
### FAIR LABOR STANDARDS ACT:
### BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

Ordinarily in a civil case, the party making a claim must prove the elements of that claim by a preponderance of the evidence. The rule is different, however, with respect to the Defendant's claim that it is entitled to the benefit of an exemption under the Fair Labor Standards Act. As I said earlier, the Defendant must prove every element of its claim of exemption by clear and convincing evidence. This burden of proof requires more than a "preponderance of the evidence" but less proof than "beyond a reasonable doubt."

To be clear and convincing, evidence should be "clear" in the sense that it is certain, plain to the understanding, and unambiguous, and "convincing" in the sense that it is so reasonable and persuasive as to cause you to believe it.

**Source of Instruction:**  Maryland Civil Pattern Jury Instructions, MPJI-Cv 1:9 (4th ed. 2002); *Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993).

# PLAINTIFF'S PROPOSED INSTRUCTION NO. 4:
# FAIR LABOR STANDARDS ACT:
# ADMINISTRATIVE EXEMPTION

The exemption being claimed by the Defendant in this case is the *bona fide* administrative exemption. To receive the benefit of this exemption, the Defendant must prove, by clear and convincing evidence, all of the following elements:

1. the employee was paid a salary of at least $250.00 per week exclusive of board, lodging, or other facilities; and

2. the employee's primary duty consisted of the performance of office or non-manual work directly related to management policies or general business operations of the company or the company's customers; and

3. the employee's work required the exercise of discretion and independent judgment.

**Source of Instruction:** 29 C.F.R. § 541.2.

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 5:
## FAIR LABOR STANDARDS ACT:
## SECOND ELEMENT OF THE ADMINISTRATIVE EXEMPTION

The second of these three required elements of the administrative exemption limits the exemption to persons who perform work of substantial importance to the management or operation of the business of her employer.  This requirement is met if the employee engages in running the business itself or determining its overall course or policies, not just in the day-to-day carrying out of the business' affairs.

Thus, an employee performing routine clerical duties is not performing work of substantial importance to the management or operation of the business even though she may exercise some measure of discretion and judgment as to the manner in which she performs her clerical tasks.

Moreover, an employee's job can even be considered "indispensable" and still not be of the necessary substantial importance to meet the directly related element.  In assessing whether an employee's work is of substantial importance, it is necessary yet again to look at the nature of the work, not its ultimate consequences.

In order for an employee to be classified as an exempt administrator, she must give advice on matters that involve policy determinations, *i.e.*, how a business should run or run more efficiently, and not merely provide information to her superiors.  In other words, the administrative exemption requires that the employee hold a position of sufficient authority to enable her to analyze and decide how management policies will be put into place.

**Source of Instruction:** 29 C.F.R. § 541.205(a); *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1125 (9th Cir. 2002); *Bratt v. City of Los Angeles*, 912 F.2d 1066, 1070 (9th Cir. 1990); 29 C.F.R. § 541.205(c)(2); *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1231 (5th Cir. 1990); *Clark v. J.M. Benson Co.*, 789 F.2d 282, 287 (4th Cir. 1986); *Brock v. National Health Corp.*, 667 F. Supp. 557, 566-67 (M.D. Tenn. 1987); Opinion Letter, Wage & Hour Div., Dep't of Labor, 1996 WL 1031785 (June 28, 1996) (finding that employee whose duties involved "the collection and dissemination of information" was *not* administratively exempt because employee "perform[ed] technical tasks, which do not constitute making or implementing policy or the performance of management functions, necessary for the application of the exemption."); *Rainey v. American Forest and Paper Assoc., Inc.*, 26 F. Supp.2d 82, 90, 97 (D.D.C. 1998).

### PLAINTIFF'S PROPOSED INSTRUCTION NO. 6:
### FAIR LABOR STANDARDS ACT:
### THIRD ELEMENT OF THE ADMININSTRATIVE EXEMPTION

With respect to the third and final element of the administrative exemption, in general, the exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. The term implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance. In other words, for the exemption to exist, the employee must be a decision-maker.

Thus, the term discretion and independent judgment does not apply to the kinds of decisions normally made by clerical and similar types of employees.

Moreover, an employee who merely applies her knowledge in following prescribed procedures or determining which procedure to follow, or who determines whether specified standards are met or whether an object falls into one or another of a number of definite grades, classes, or other categories, with or without the use of testing or measuring devices, is not exercising discretion and independent judgment within the meaning of the administrative exemption. This is true even if there is some leeway in reaching a conclusion, as when an acceptable standard includes a range or tolerance above or below a specified standard.

Almost every employee is required to use some discretion. However, in order for an employee to be classified as exempt by her employer, the discretion and independent judgment must be real and substantial; that is, they must be exercised with respect to

9

matters of consequence. In this regard, the type of discretion and independent judgment that must be exercised refers to the kinds of decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a substantial respect, financial or otherwise.

**Source of Instruction:** 29 C.F.R. § 541.207(a); *Burke v. County of Monroe*, 225 F. Supp.2d 306, 317 (W.D.N.Y. 2002); *Brock v. National Health Corp.*, 667 F. Supp. 557, 566 (M.D. Tenn. 1987); 29 C.F.R. § 541.207(d)(2); 29 C.F.R. § 541.207(c)(1); 29 C.F.R. § 541.207(d)(1); *Clark v. J.M. Benson Co.*, 789 F.2d 282, 288 (4th Cir. 1986); *Cooke v. General Dynamics Corp.*, 993 F. Supp. 56, 65 (D. Conn. 1997); Opinion Letter, Wage & Hour Div., Dep't of Labor, 1997 WL 972382 (Oct. 20, 1997).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 7:
## FAIR LABOR STANDARDS ACT:
## JOB TITLE NOT DETERMINATIVE OF EXEMPT STATUS

In determining whether an employee's primary duty meets the requirements of the *bona fide* administrative exemption, you should disregard the employee's job title and consider only her actual work activities. Whether an employee is exempt is determined by the employee's actual work activities, not by the employer's characterization of those activities through a job title or job description. Titles can be had cheaply and are of no determinative value. In other words, whether an employee is called a "vice president" or a "manager" by her employer has no value in determining whether she meets the requirements of the *bona fide* administrative exemption. You should consider only the job duties actually performed by the employee to determine whether she was an exempt or non-exempt *bona fide* administrative employee.

**Source of Instruction:** 29 C.F.R. § 541.201(b); *D'Camera v. District of Columbia*, 693 F. Supp. 1208, 1211 (D.D.C. 1988); *Cooke v. General Dynamics Corp.*, 993 F. Supp. 56, 61 (D. Conn. 1997); *Demos v. City of Indianapolis*, 126 F. Supp.2d 548, 559 (S.D. Ind. 2000); *Bennett v. Progressive Corp.*, 225 F. Supp.2d 190, 215 (N.D.N.Y. 2002).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 8:
## FAIR LABOR STANDARDS ACT:
## SUFFERED OR PERMITTED TO WORK

[Work that is requested by an employer is compensable work time.] Work not requested but suffered or permitted is [also] work time. If the employer knew or had reason to believe that the employee was continuing to work, then the time is work time and it is compensable.

**Source of Instruction:** McNamara & Southerland, Federal Employment Jury Instructions § 6:200 (citing 29 C.F.R. § 785.11).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 9: FAIR LABOR STANDARDS ACT: MEAL PERIODS

Under the Fair Labor Standards Act, *bona fide* meal periods are not compensable work time. A *bona fide* meal period ordinarily lasts 30 minutes [but can be longer or shorter]. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as *bona fide* meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a *bona fide* meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a *bona fide* meal period by being on-call with some limited duties, if the employee otherwise spends her time and attention predominantly in pursuit of personal or private interests.

**Source of Instruction:** McNamara & Southerland, <u>Federal Employment Jury Instructions</u> § 6:210 (citing *Bates v. Dept. of Corrections of the State of Kansas*, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. § 785.19).

13

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 10:
## FAIR LABOR STANDARDS ACT:
## WORK PERFORMED WHILE TRAVELING

Any work that an employee is required to perform while traveling must be counted as hours worked.

**Source of Instruction:** McNamara & Southerland, <u>Federal Employment Jury Instructions</u> § 6:340 (citing 29 C.F.R. § 785.41).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 11:
## FAIR LABOR STANDARDS ACT:
## "SUBJECT-TO-CALL" TIME

Time spent away from the employer's premises under conditions that are so circumscribed that they restrict the employee from effectively using the time for personal pursuits constitutes compensable hours of work. Time spent at home "subject-to-call" may or may not be compensable, depending on whether the restriction placed on the employee thereby effectively precludes that employee from using such time for her personal pursuits. Where the conditions placed on the employee's activities are so restrictive that the employee cannot use the time effectively for personal pursuits, such time spent on-call is compensable. An employer is required to pay an employee for the time the employee spends working for the employer. Waiting time may be working time as well. An employee is working if she is spending her time for the employer's benefit. The test is not whether an employee's leisure is completely and totally curtailed, but rather whether it is so restricted that it cannot reasonably and effectively be utilized for the employee's benefit.

**Source of Instruction:** McNamara & Southerland, <u>Federal Employment Jury Instructions</u> § 6:220 (citing *May v. Arkansas Forestry Comm'n*, 993 F.2d 632, 638-39 (8th Cir. 1993); *Bernard v. IBP, Inc., of Nebraska*, 154 F.3d 259, 265 (5th Cir. 1998)).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 12:
## FAIR LABOR STANDARDS ACT:
## EVIDENCE OF HOURS WORKED

The FLSA places the burden upon the employer, not the employee, to keep an accurate account of all hours worked by its employees. For this reason, once an employee produces sufficient evidence to show the amount and extent of overtime work as a matter of just and reasonable inference, the burden then shifts to the employer to show the precise number of hours worked or to present evidence sufficient to disprove the reasonableness of the inference to be drawn from the employee's evidence.

**Source of Instruction:** *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 687 (1946); *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986); *Cummins v. Carteret Broadcasting Co.*, 137 F. Supp. 547, 551 (E.D.N.C. 1956); *Nash v. Resources, Inc.*, 982 F. Supp. 1427, 1435 (D. Or. 1997).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 13:
## FAIR LABOR STANDARDS ACT: MEASURE OF DAMAGES

The measure of damages is the difference between what the employee should have been paid under the Fair Labor Standards Act and the amount that she was actually paid.

In the event that you are convinced by the evidence that the Defendant did violate the Fair Labor Standards Act, then you must determine the amount of damages the Plaintiff has suffered. With regard to the Plaintiff's allegations of Fair Labor Standards Act violations, you must determine the difference between what the Plaintiff was paid and what you, as jurors, decide that she should have been paid. That difference is the amount of damages.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the Plaintiff's damages, no more, and no less. Damages under the Fair Labor Standards Act are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. Damages also do not include sums for court costs or attorney fees. Neither can damages be based on speculation or guesswork because only actual damages, what the law calls compensatory damages, can be recovered.

**Source of Instruction:**   McNamara & Southerland, <u>Federal Employment Jury Instructions</u> § 6:390 (citing 29 U.S.C. § 216(b); *Pattern Jury Instructions*, Federal Claims Instruction No. 9.1 and Damages Instruction No. 1.1 (11th Cir. 1990 ed.); *Pattern Jury Instructions*, Labor and Employment Claims, No. 11.1 (5th Cir. 1992 ed.)).

# PLAINTIFF'S PROPOSED INSTRUCTION NO. 14: MARYLAND WAGE PAYMENT AND COLLECTION LAW

The Plaintiff has also sued the Defendant under a Maryland statute called the Wage Payment and Collection Law. This law requires an employer to pay its employees in a timely manner. An employer is also required to pay a former employee all wages owed to her by the date the wages ordinarily would have been paid if that employee had continued working for the employer. In other words, a terminated employee is entitled to be paid wages for her work performed before termination, just as if his employment had not been terminated.

Under the law, the term "wages" includes bonuses, commissions, fringe benefits, and all other compensation promised to an employee for his service. The term "wages" also includes payment for overtime which an employer is required by law to pay.

The Plaintiff is seeking payment for unpaid wages she claims that she earned while working for the Defendant. You must first decide whether the Defendant failed to pay the Plaintiff wages that she was owed. If you find that the Defendants failed to pay her any wages due for work she performed while employed by the Defendant, then you should find in favor of that Plaintiff as to this claim.

Next you must decide the amount of wages that the Defendant failed to properly pay to the Plaintiff. The amount of unpaid wages will be the Plaintiff's damages under the Maryland Wage Payment and Collection Law. You should indicate the amount of damages you award on your verdict form.

Finally, if you decide that the Defendant failed to pay wages that the Plaintiff was owed, you must also decide whether the Defendant's failure to pay was the result of a *bona fide* dispute between the Plaintiff and Defendant about whether the wages were owed. In other words, you must decide whether the Defendant acted in good faith when they failed to pay. The Defendant acted in good faith if their failure to pay wages was actually motivated at the time by a legitimate dispute over the validity of the claim or the amount that was owed. The Plaintiff does not have to show that the Defendant engaged in fraud in order to prevail on this issue. The Plaintiff can prevail simply by showing that the Defendant's failure to pay was not motivated by a good faith dispute with her. Finally, you should not assume the existence of a good faith dispute merely from the fact that the two parties are here in Court.

If you find that the Defendant's failure to pay wages that the Plaintiff was owed was not the result of a *bona fide* dispute with respect to some or all of the Plaintiff's wage payments, you are permitted to award additional damages to the Plaintiff. The law permits you, the jury, to award as additional damages anywhere between zero and three times the amount of the payments that the Defendant failed to pay without having a good faith motivation. You should indicate the additional amount of damages you award on your verdict form.

**Source of Instruction:** Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employ. Art. §§ 3-501 – 3-509; *Friolo v. Frankel*, 373 Md. 501, 819 A.2d 354 (2003); *Baltimore Harbor Charters, Ltd. v. Ayd*, 365 Md. 366, 780 A.2d 303 (2001); *Admiral Mortgage, Inc. v. Cooper*, 357 Md. 533, 745 A.2d 1026 (2000).

Respectfully submitted,

_____
Philip B. Zipin, Bar No. 03932
Neil R. Lebowitz, Bar No. 25155
Zipin, Melehy & Driscoll LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
301-587-6364
Attorneys for Plaintiff