IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARMEN GIBSON | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No.: WDQ-02-3827 |
| ENCORE MARKETING INT'L, INC. | * | |
|     Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

    Plaintiff Carmen Gibson, by and through her counsel, Philip B. Zipin and Neil R. Lebowitz, and pursuant to the Federal Rules of Evidence, hereby moves this Honorable Court to deny Defendant's Motion in Limine and admit into evidence Plaintiff's appointment calendar for November 2000 through May 2001, and, in support thereof, states as follows:

    1.    In its Motion, Defendant argues that "[t]he calendar must be excluded from evidence as it constitutes inadmissible hearsay." However, there are at least four exceptions to the rule against hearsay under which the calendar is rendered admissible: Rules 803(3), 803(5), 803(6), and 807.

    2.    First, the dictates of Rule 803(6) were clearly satisfied under the circumstances of this case because Plaintiff maintained her calendar as part of her regularly conducted business activity. Rule 803(6) provides, in pertinent part, that the following types of documents are not excluded as hearsay:

> Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation . . . .

FRE 803(6).

3. The case of *United States v. McPartlin*, 595 F.2d 1321 (7th Cir. 1979) is particularly instructive. In *McPartlin*, the Seventh Circuit held that appointment calendars are admissible as business records since the calendars were kept as part of a business activity, the entries were made with regularity at or near the time of the described event, and since its author, needing to rely on the entries made, would have had no reason to distort or falsify them. *See id*. at 1347-51. Significantly, the court noted that admissibility of such business records has been upheld even in instances in which the records were made only for the benefit of the record keeper himself and not for the benefit of the entire business entity. *Id*. at 1349.

4. Plaintiff herein kept the calendar at issue specifically for business purposes, as directed by her immediate supervisor, Kelly Hannabas. *See* Pl.'s Depo. at 48-49, attached hereto as "Exhibit A." This was not her personal calendar, but a calendar Plaintiff used while working at Defendant's place of business for the sole purpose of recording business-related tasks that she was assigned to perform by Defendant and for the benefit of Defendant. *See id*. at 66-70. Moreover, Plaintiff would have no incentive to falsify the entries in her calendar since she needed to use it as her guide in performing the tasks recorded therein. *See id*. The entries were also made on an ongoing, daily

basis, which further evidences the calendar's reliability and accuracy. *See id*. Therefore, Plaintiff clearly kept the calendar as part of her regularly conducted business activity, and it should be deemed fully admissible under Rule 803(6) by this Honorable Court.

5. Second, the calendar is admissible under Rule 803(3) because it establishes Plaintiff's intent, and tends to prove her act of working overtime hours. Rule 803(3) provides that "[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)" is not excluded by the hearsay rule. The Supreme Court held over a century ago that a declarant's statement of intent is admissible to imply the existence of that declarant's future act. *See Mutual Life Ins. Co. v. Hillmon,* 145 U.S. 285 (1892). As stated by the Advisory Committee's Note to Rule 803, "The rule of *Mutual Life Ins. Co. v. Hillmon* . . . , allowing evidence of intention as tending to prove the doing of the act intended, is, of course, left undisturbed." Since the calendar at issue demonstrates the Plaintiff's intent to work the overtime hours recorded therein, and evidences that those hours were, in fact, worked by her, it should not be excluded by the hearsay rule.

6. Third, the calendar also falls under Rule 807, known as the residual exception to the hearsay rule, which provides:

> Residual Exception. A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general

      purpose of these rules and the interests of justice will best be served by admission of the statement into evidence.

FRE 807.

      7.     Plaintiff's calendar is being offered as evidence of a material fact at issue since it expressly demonstrates the existence of overtime hours worked by her, which is the focal point of this entire case. Plaintiff's calendar is more probative on this issue than any other evidence Plaintiff can procure because it is a contemporaneous recording of overtime hours that could otherwise only be presented through witness reconstruction based on memory. Thus, the general purposes of the Federal Rules of Evidence and the interests of justice will best be served by the admission of the calendar into evidence.

      8.     Finally, at a minimum, the calendar constitutes a "recorded recollection" under Rule 803(5). That exception provides that the following types of documents are not excluded by the hearsay rule:

> Recorded Recollection. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully or accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by the adverse party.

FRE 803(5).

      9.     Defendant all but concedes that this Rule applies to the calendar. Plaintiff agrees, but respectfully requests admission of the calendar pursuant to one of the three preceding Rules in order to allow for publication of the calendar to the jury.

WHEREFORE, Plaintiff Carmen Gibson hereby respectfully requests that this Honorable Court:

A. Deny Defendant's Motion in Limine;

B. Admit Plaintiff's calendar into evidence;

C. And for all other and further relief that the nature of this cause may require.

Respectfully submitted,

_____
Philip B. Zipin, Bar No.: 03932
Neil R. Lebowitz, Bar No.: 25155
Zipin, Melehy & Driscoll LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
(301) 587-6364
Counsel for Plaintiff