# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARMEN GIBSON | * | |
| Plaintiff | * | |
| v. | * | **Civil Action No.: WDQ-02-3827** |
| ENCORE MARKETING INT'L, INC. | * | |
| Defendant | * | |

## DEFENDANT'S SUPPLEMENTAL REQUESTED JURY INSTRUCTIONS

Defendant ENCORE MARKETING INTERNATIONAL, INC. ("Encore"), by and through its undersigned counsel, respectfully requests that the Court instruct the jury in this case using the following proposed, supplemental, jury instructions, as well as those instructions previously requested by the Defendant. Defendant reserves the right to request further instructions should the need become apparent during the trial.

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE

By:_____
Timothy F. Maloney, Bar #03381
Veronica Byam Nannis, Bar #15679
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200
tmaloney@jgllaw.com
vnannis@jgllaw.com

## JURY INSTRUCTION NO. 13
(FLSA Administrative Exemption – "Primary Duty")

As I have instructed you previously, if and only if you find that the Plaintiff has proven her claim by a preponderance of the evidence, you must then turn your attention to whether or not the Defendant has proven its affirmative defense – that the Plaintiff was an exempt, administrative, employee.

Under the administrative exemption, the administrative tasks performed by the Plaintiff must be her "primary duty." Generally, an employee's "primary duty" is administration if fifty percent (50%) or more of that employee's time is devoted to administrative duties. While the percentage of time spent performing administrative duties is important, an employee can still qualify for the administrative exemption even if that she devotes less than half of her time to administrative duties. Other relevant factors to consider include the relative importance of the administrative duties as compared with other types of duties, the frequency with which the employee exercises discretion and independent judgment, her relative freedom from supervision, and the relationship between her salary and the wages paid other employees for the kind of nonexempt work performed by the administrator. In other words, the test for determining whether an employee is employed in an administrative capacity requires proof either that the employee spends half her time on administrative duties or that administrative duties have special significance relative to the employee's other duties.

Therefore, you do not need to find that the Plaintiff *only* performed duties that are administrative in nature. Instead, you must still find the Plaintiff to have been exempt if only half of her time was spent on exempt, administrative duties, or, even less than half of her time if her duties were of special significance.

*SOURCE*: *Stricker v. Eastern Off Rd. Equip.*, 935 F. Supp. 650 (D. Md. 1996)

# JURY INSTRUCTION NO. 14
(Unauthorized Overtime / Employer's Knowledge)

Remember, the Plaintiff has the burden to prove, with definite and certain evidence, that she performed work for which she was not properly compensated. Furthermore, the Plaintiff is required to prove by a preponderance of the evidence that she was "employed" by the Defendant, and that means proof that the Defendant knew or should have known that the Plaintiff was working overtime. Therefore, "employment" occurred if the Plaintiff can prove that the Defendant had actual or constructive knowledge that the Plaintiff was working. If, however, the Plaintiff failed to notify the Defendant or deliberately prevented the Defendant from acquiring knowledge of the overtime work, the Defendant's failure to pay for the overtime hours is not a violation of the statute.

In determining actual or constructive knowledge, work performed out of the office is only counted as time worked if the Defendant knew or had reason to believe that work was being performed. Also, as a matter of law, an employer's mere "access" to information regarding a department's activities does not constitute constructive knowledge that a specific department employee was working overtime. So, in this case, even if the Defendant had access to niformation regarding the Telemarketing Department's activities, this does not mean that the Defendant had constructive knowledge that the Plaintiff was working overtime.

SOURCES: *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413 (9th Cir. 1981); *Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995); *Rose v. Digital Convergence.com Inc.*, 143 Lab. Cas. (CCH) P34,238 (D. Tx. 2001); *Davis v. Food Lion*, 792 F.2d 1274 (4th Cir. 1986); *Holzapfel v. Town of Newburgh*, 145 F.3d 516 (2nd Cir. 1998).

# JURY INSTRUCTION NO. 15
(Maryland Wage Payment Collection Law)

The Plaintiff also has a claim for back wages under the Maryland Wage Payment Collection Law. The relevant provision of the Act to this case provides as follows:

> Each employer shall pay an employee or the authorized representative of an employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated.

If you determine that the Plaintiff is not entitled to overtime pay, then you also have determined that the Plaintiff is not entitled to back wages under this Act and you must return a verdict for the Defendant on this claim.

However, if you determine that the Defendant did violate this provision because the Plaintiff is owed back overtime pay, then you must determine the amount of damages for this claim. The law provides that, if you find that the Defendant withheld the Plaintiff's wage in violation of the previously read statute and not as a result of a bona fide dispute, you may award the Plaintiff an amount from zero up to, but not more than, 3 times the wage.

In determining whether a bona fide dispute exists, you must decide whether the party making or resisting the claim, the Defendant here, has a good faith basis for doing so, whether there is a legitimate dispute over the validity of the claim or the amount that is owing. If you find that the Defendant violated the statute, but in doing so it acted in good faith and due to a bona fide dispute, you may only award those wages that were wrongfully withheld and no more.

SOURCE: *Admiral Mortg., Inc. v. Cooper,* 357 Md. 533, 745 A.2d 1026 (2000); Md. LABOR AND EMPLOYMENT Code Ann. § 3-507.1; Md. LABOR AND EMPLOYMENT Code Ann. § 3-505